## ADAMS v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6757.

Circuit Court of Appeals, Fifth Circuit.
May 24, 1933.

William E. Walsh, of Miami, Fla., Dean Acheson, of Washington, D. C., and Nathan L. Miller and H. Bartow Farr, both of New York City, for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Chester A. Gwinn, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

In this case petitioner is the patentee of a process and certain apparatus for extracting gasoline and other light oils from crude petroleum by the method known as cracking. He began his experiments about 1909, and in 1913 filed application for patents. Patents were issued in 1919, and petitioner entered into an agreement with the Texas Company relative to his discoveries. The Commissioner of Internal Revenue determined deficiencies of income taxes of petitioner for the years 1919–1925 inclusive, totalling $487,701.93, to which was added penalties aggregating $244,859.47, on the theory that the returns were fraudulent. Petitioner applied to the Board of Tax Appeals for a redetermination of the deficiencies. The Commissioner conceded that the taxpayer was not guilty of either fraud or negligence, and eliminated the penalties. It was further conceded that a reassessment for the years 1919, 1920, and 1921 was barred by limitation. This left for determination the deficiencies assessed for the years 1922 to 1925, inclusive. The principal question at issue was the value of the patent applications in 1913. Petitioner contended that this value was about $10,000,000, and should be deducted one-seventeenth annually over the life of the patent. The Board determined this value to be $750,000, allowed annual deductions, and redetermined the deficiencies as follows: for 1922, $112,051.50; 1923, $72,476.37; 1924, $79,282.38; 1925, $80,798.93. The record is voluminous, and contains a mass of conflicting testimony. It would serve no good end to review it. We refer with approval to the findings and opinion of the Board, reported in 23 B. T. A. 71, for the facts in detail. No question of law arises for determination. We are not at liberty to reverse the Board on a question of fact, if there is substantial evidence to support the findings. Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289. We agree with the conclusion reached by the Board. The petition is denied, and the judgment of the Board is affirmed.